**John Robert DITSLER, Plaintiff–Appellant,**

v.

**Isaura HERNANDEZ, in her official capacity and individually, Defendant–Appellee.**

No. 05–55579.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2007.*

Filed March 15, 2007.

Gary Wenkle Smith, Esq., Attorney at Law, San Bernardino, CA, for Plaintiff–Appellant.

Arturo Fierro, Esq., Law Offices of Jimmy Gutierrez, Chino, CA, for Defendant–Appellee.

Before: T.G. NELSON, GRABER, and IKUTA, Circuit Judges.

## MEMORANDUM **

Defendant Isaura Hernandez arrested Plaintiff John Robert Ditsler for molesting his seven-year-old daughter. A jury acquitted Plaintiff. He then sued Defendant under 42 U.S.C. § 1983 for deprivation of his Fourth Amendment rights. The district court granted summary judgment in favor of Defendant on the ground that she had probable cause to arrest Plaintiff. We affirm.

1. We review de novo a grant of summary judgment, *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004), and also review de novo the existence of probable cause, *United States v. Valencia–Amezcua*, 278 F.3d 901, 906 (9th Cir.2002).

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

To prevail on his claim for unlawful arrest under § 1983, as a violation of the Fourth Amendment, Plaintiff must show that Defendant made the arrest without probable cause. *Dubner v. City & County of S.F.*, 266 F.3d 959, 964 (9th Cir.2001). Probable cause exists when, taking together the totality of circumstances known to the arresting officer, a prudent person would conclude that there was a fair probability that the arrested person committed a crime. *Gasho v. United States,* 39 F.3d 1420, 1428 (9th Cir.1994). If Defendant had probable cause, Plaintiff's arrest was lawful regardless of the officer's subjective motivation. *Tatum v. City & County of S.F.,* 441 F.3d 1090, 1094 (9th Cir.2006).

■ Defendant had probable cause to arrest Plaintiff. A county Child Protective Services worker had been brought to the child's school to investigate an anonymous tip. She informed Defendant that a caller had raised the possibility that Plaintiff was molesting his seven-year-old daughter, based on the child's comments to a friend, and that the child had confirmed those allegations when interviewed. Defendant's later interviews with the child and her relatives did not establish that the county worker's statements were inaccurate. A prudent person would have concluded that there was a fair probability that Plaintiff had molested the child. None of the factual disputes that Plaintiff cites establishes that the county worker's antecedent report to Defendant was inaccurate.

■ 2. We review for abuse of discretion the denial of Plaintiff's Federal Rule of Civil Procedure 60(b) motion. *United States v. Washington,* 394 F.3d 1152, 1157 (9th Cir.2005). The district court did not abuse its discretion; it permissibly concluded that Plaintiff failed to establish mistake, inadvertence, surprise, or excusable neglect.

AFFIRMED.